## JOHN C. AVERY vs. WALTER S. MILLER.

Hampden.    Sept. 27. — Oct. 5, 1875.    AMES & DEVENS, JJ., absent.

In an action to recover money paid and the value of a horse delivered, under an agreement for an exchange of horses, of which those delivered by the defendant were not of the kind and quality specified, evidence that the defendant did not have knowledge thereof is incompetent.

CONTRACT to recover the value of a horse delivered by the plaintiff to the defendant, with a count for money had and received.

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows :

The plaintiff introduced evidence tending to show that he and the defendant met in New York; that he had a large, valuable horse, which the defendant had seen before; that the defendant offered to exchange for the horse a pair of horses which the defendant then had in Springfield; that the defendant said he would describe the horses, and did describe them in some respects correctly, but that the defendant represented the horses were all smooth and sound and free from blemishes and fault, and did not interfere, and were seven or eight years old ; that he relied upon the defendant's representations, and being induced thereby, gave the defendant the horse of the plaintiff, his note for $175, and $25 in cash, and the defendant agreed to deliver said horses to him ; that in the same month the horses arrived in New York; that they were not sound, nor smooth, nor free from blemishes or faults, did interfere badly, had old marks of interfering, and were over twelve years old ; that he the next day notified the defendant that he should not take the horses because they were misrepresented, and demanded of the defendant to return to him the horse, note and money he had given the defendant for said horses, and that the defendant refused so to do.

The defendant offered evidence tending to show that he obtained said horses in New Haven; that the day they arrived in Springfield, about 2 P. M., he was there and received them, put them in his stable, and himself groomed one of them, and others saw him do so, and put them in charge of one Smith during his absence in Chicago, whither he went the night of the same day

of their arrival in Springfield. The defendant also testified that the horses when they arrived in Springfield were sound, smooth, free from blemishes and callouses, and had no marks of interference, except a fresh mark made in coming from New Haven; that he went to Chicago, and did not see them on his return before going to New York, at the time of his dealings with the plaintiff; that instead of making the representations stated by the plaintiff, he told the plaintiff he had seen comparatively nothing of the horses, and could and would state nothing except what had been told him by the man he got the horses of, and what he could judge from the slight opportunities he had had of observation. There was no evidence of any other pair of horses as the subject matter of the trade than those above referred to in the plaintiff's testimony.

The defendant called one William J. Pine, who testified that he was present in New Haven when the defendant obtained the horses in question. The defendant offered to prove by this witness that the defendant did not see the horses harnessed in New Haven, that he did not see them but a few minutes, and that it was night time when he did see them. The judge excluded the evidence. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. M. Stearns & M. P. Knowlton*, for the defendant.

*E. B. Gillett & H. B. Stevens*, for the plaintiff.

ENDICOTT, J. This is not an action for deceit in the sale of two horses, wherein the plaintiff must show that the representations of the defendant were made with knowledge of the existing faults of the horses. But it is an action to recover money paid and the value of a horse delivered to the defendant, on the ground that the two horses, which the defendant delivered to the plaintiff for the above consideration, were not of the kind and quality which, by his contract, he agreed to deliver. Evidence therefore was not competent to show that the defendant did not know of the alleged defects in the horses delivered, and that they were not of the quality that he agreed to deliver.

*Exceptions overruled.*